Arthur H. Bichan v. Commissioner.
Bichan v. Commissioner
Docket No. 2548-67.
United States Tax Court
T.C. Memo 1969-27; 1969 Tax Ct. Memo LEXIS 269; 28 T.C.M. (CCH) 125; T.C.M. (RIA) 69027; February 5, 1969, Filed *269 Arthur H. Bichan, pro se, 18520 Asbury Park, Detroit, Mich. Juandell D. Glass, for the respondent. 126 WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The Commissioner has determined a deficiency in the income tax of petitioner for the taxable year 1960 in the amount of $2,818.14. The sole issue to be decided is whether $10,000 received by petitioner but unreported in his income tax return constituted taxable income. Findings of Fact Petitioner resided in Detroit, Michigan, at the time of the filing of his petition and he filed his individual Federal income tax return for the taxable year 1960 with the district director of internal revenue at Detroit, Michigan. Petitioner was a practicing attorney during the year at issue. He had a friend and client, John B. Wood, to whom he had given advice and rendered legal services in the past, largely without charge. Prior to November 25, 1960, Wood had become embroiled with the criminal law and came to petitioner for legal representation. Petitioner did not feel himself qualified in the field of criminal law and advised Wood that $10,000 would be required to obtain the services of other more qualified *270 counsel. Wood was unable to furnish the required amount and on that date he and petitioner contacted Wood's father-in-law and mother-in-law in an effort to borrow the amount. At that time, petitioner voluntarily and without solicitation by them, gave the inlaws a document dated November 25, 1960, which guaranteed to them payment by petitioner of $10,000 plus interest in consideration of the lending by them of that amount to Wood and his wife. On November 30, 1960, after further discussion, the in-laws obtained $10,000 in currency from a bank and either handed the currency directly to petitioner or to Wood, who in turn handed the currency to petitioner. In return, Wood and his wife gave them their promissory note for $10,000, payable $625 plus interest at 5 percent every 90 days until the principal sum was retired. None of the amount so obtained by petitioner was ever used by him to retain counsel for Wood, but was instead appropriated by him to his own use. In fact, the only funds used to retain counsel for Wood were furnished by Wood in the amount of $4,500. In a later undisclosed year, some repayment was made by petitioner to either Wood or his in-laws. Petitioner had planned *271 to make repayment of the loan in case Wood failed to do so from the proceeds of a judgment he had obtained. He was never able to make collection of the judgment. At the time the $10,000 was borrowed by Wood, petitioner was "desperate" for funds and subsequent to his obtaining the amount from Wood, paid two debts therefrom, for which debts he was either personally liable or concerning which he felt a moral obligation. Opinion Although acknowledging receipt of $10,000 under the circumstances set forth in our findings of fact, petitioner nevertheless did not include it as income in his return for 1960 on the ground that it was in effect borrowed money and therefore nontaxable. We find petitioner's position entirely untenable because of the principles enunciated in such cases as ; (C.A. 5, 1967), certiorari denied ; , affd. (C.A. 2, 1961). Here we are faced with two separate transactions in which petitioner is involved, only one of which, the latter, has a tax incidence *272 so far as he is concerned. The first, wherein petitioner guaranteed the $10,000 debt of Wood to his in-laws, could not and did not result in income to petitioner even though he received that amount from Wood for the purpose of obtaining qualified counsel for him. At that point, at most, he held the funds as agent of Wood to be used for that purpose. When, however, petitioner appropriated the funds to his own personal use, the second and taxable transaction took place. Such appropriation brings this issue within the ambit of the above-cited authority which stands for the principle that funds so acquired are taxable income in the year in which they were received, and a mere obligation, even though in written form, to repay wrongfully acquired money or property, which obligation arises from the wrongful appropriation, is not sufficient to render such funds nontaxable as borrowed money. Decision will be entered for the respondent. 127